```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**DEXTER SCOTT CONRAD,**

    **Plaintiff,**

**v.**                              **Case No. 2:06-cv-00275**

**JOHN SULLIVAN, Attorney
at Law,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

On April 12, 2006, Plaintiff filed a Complaint (docket sheet document # 1) and an Application to Proceed Without Prepayment of Fees (# 2). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

To the extent that Plaintiff intended to assert a claim against Defendant for a violation of his constitutional rights, his claim fails. Plaintiff's Complaint alleges that Plaintiff's court-appointed counsel in a state court criminal proceeding has "failed to meet his professional responsibility to his client." (# 1 at 2). Plaintiff's allegations merely amount to a claim of negligence, which is not sufficient to raise a claim under 42 U.S.C. § 1983. Nor does Plaintiff allege that the defendant has violated any other federal statute.

Moreover, Defendant is an assistant public defender. He is not a state actor and, therefore, is not acting under color of state law. Accordingly, he is not amenable to suit under section 1983. Polk County v. Dodson, 454 U.S. 312 (1981); Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980)(public defenders do not act under color of state law). Likewise, Plaintiff cannot meet the requirements for diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because both he and Defendant are citizens of the State of West Virginia.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this federal court lacks jurisdiction over Plaintiff's Complaint. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint (# 1) for lack of jurisdiction and **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (# 2).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and

Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

    April 18, 2006  
           Date

*Mary E. Stanley* (signature)  
Mary E. Stanley  
United States Magistrate Judge